CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
IBOH UMODU (Bar No. Pending)
(E-Mail: iboh_umodu@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
LINO SANCHEZ SANDOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-mj-7733-DUTY |
| Plaintiff, | **OPPOSITION IN PART TO GOVERNMENT'S MOTION TO DISMISS CASE WITHOUT PREJUDICE** |
| v. | |
| LINO SANCHEZ-SANDOVAL, | |
| Defendant. | |

Lino Sanchez-Sandoval, by and through his counsel of record, Deputy Federal Public Defender Iboh Umodu, hereby files his opposition, in part to the Government's motion to dismiss the case without prejudice. Mr. Sanchez-Sandoval does not oppose dismissal, but submits that the dismissal should be with prejudice.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 6, 2026       By  */s/ Iboh Umodu*
IBOH UMODU
Deputy Federal Public Defender
Attorney for LINO SANCHEZ-SANDOVAL

## I. INTRODUCTION

Lino Sanchez-Sandoval was charged by a criminal complaint with a violation of 18 U.S.C. § 111(b) on December 11, 2025. ECF No. 1. He made his initial appearance in federal court on December 12, 2025. On that date, the Honorable Magistrate Judge Patricia Donahue ordered his release on bond upon conditions. ECF No. 5. However, rather than being released, Mr. Sanchez-Sandoval was instead turned over to the custody of Immigrations and Customs Enforcement ("ICE,") pursuant to a detainer. Mr. Sanchez-Sandoval was then promptly deported. *Id*.

On January 6, 2025, the Government filed a motion to dismiss the complaint, but requested that the dismissal be made without prejudice. ECF No. 12. Dismissal with prejudice is the appropriate remedy here. Since the Government elected to proceed with Mr. Sanchez-Sandoval's removal from the United States, it has abandoned the criminal prosecution against him and deprived Mr. Sanchez-Sandoval of his constitutional rights in defending against the criminal prosecution. "Dismissal with prejudice is appropriate where 'ICE has initially chosen to prioritize a defendant's criminal prosecution over his immediate removal but then reversed course when faced with a lawful release order under the BRA." *United States v. Ferreira-Chavez*, 2021 WL 602822, *6 (D. Idaho Feb. 12, 2021) (quoting *United States v. Coronado-Vejar*, 2020 WL 2782502, *3 (D. Ariz. May 29, 2020). That is exactly what occurred here. The case against Mr. Sanchez-Sandoval should be dismissed with prejudice.

## II. ARGUMENT

Federal Rule of Criminal Procedure 48(a) provides in pertinent part that the "government may, with leave of the court, dismiss and indictment, information or complaint." Fed. R. Crim. Proc. 48(a). In determining whether to grant a government's Rule 48(a) motion, the Court "in exercising its discretion must assure the fair administration of criminal justice." *United States v. Palomares,* 119 F.3d 556, 558 (7th Cir. 1996). A court may dismiss a case with prejudice if it determines that a dismissal

1

1  without prejudice is against the concept of fundamental fairness. *United States v.*
2  *Rossoff,* 806 F. Supp. 200, 202 (N. D. Ill. 1992).
3        In *United States v. Santos-Flores*, the Ninth Circuit held that "if the government,
4  by placing [a defendant] in immigration detention or removing him, jeopardizes the
5  district court's ability to try him, then the district court may craft an appropriate
6  remedy." 794 F.3d 1088, 1091 (9th Cir. 2015). *Santos-Flores* cited approvingly to
7  *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012), a case in which
8  the District Court ordered the Government to choose between staying ICE removal
9  proceedings of a criminal defendant or dismissal of the criminal case with prejudice.
10 *See Trujillo-Alvarez*, 900 F. Supp. 2d at 1170 ("if the Executive Branch chooses to
11 forgo criminal prosecution of Mr. Alvarez–Trujillo on the pending charge of illegal
12 reentry and deport him from the United States," then "the pending criminal charge will
13 be dismissed with prejudice.").
14       Several other courts in this Circuit have found that the appropriate remedy when
15 a defendant is deported pending a criminal prosecution is dismissal with prejudice.
16 *See, e.g., United States v. Munoz-Garcia*, 455 F.Supp.3d 915, 926 ("The government
17 chose to proceed with the defendant's removal proceeding and deport her from the
18 United States …. The result of those violations should be a dismissal of the criminal
19 charges with prejudice.") (citations omitted); *United States v. Monteverde*, 2021 WL
20 5534880, *3 (D. Ariz. Oct. 7, 2021) ("[T]he issue is whether … the indictment must be
21 dismissed and, if so, whether the dismissal should be with or without prejudice. Here,
22 Defendant's removal, despite the pending prosecution, violated his Sixth Amendment
23 rights and the Speedy Trial Act and, as such, dismissal of the indictment with prejudice
24 is warranted."); *Ferreira-Chavez*, 2021 WL 602822, at *6 ("Here, the Court finds that
25 dismissal of the indictment with prejudice is appropriate. Unlike *Trujillo-Alvarez*, there
26 is no lesser remedy available. Ferreira has already been deported. His constitutional
27 and statutory rights have been and will continue to be violated."); *United States v.*
28

1  *Aldana-Aldana*, 25-mj-1421-DUTY (ordering dismissal with prejudice following the
2  defendant's deportation).
3      This Court should do the same here and dismiss the case against Mr. Sanchez-
4  Sandoval with prejudice.  The Government lodged an immigration detainer against Mr.
5  Sanchez-Sandoval. Once the Court ordered Mr. Sanchez-Sandoval to be released, the
6  Government "was obliged to either abandon the criminal prosecution and proceed with
7  removal, or stay removal and release the Defendant pending custody." *Munoz-Garcia*,
8  455 F. Supp. 3d at 918.  Although the government "initially chose[] to prioritize [Mr.
9  Sanchez-Sandoval's] criminal prosecution over his immediate removal," it "reversed
10 course when faced with a lawful release order under the BRA." *Ferreira-Chavez*, 2021
11 WL 602822, at *6.  In so doing, the Government has both made Mr. Sanchez-Sandoval
12 unavailable for trial and infringed on his Sixth Amendment right to counsel by
13 depriving him of the ability to consult with his attorney. *Munoz-Garcia*, 455 F. Supp.
14 3d at 926; *Trujillo-Alvarez*, 900 F. Supp. 2d at 1180.
15     Under these circumstances, and in light of the Government's clear choice to
16 abandon the criminal prosecution in favor of deportation, the Government should not
17 be granted a second chance at prosecuting Mr. Sanchez-Sandoval for the same offense.
18 Dismissal with prejudice is the appropriate remedy.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 6, 2026        By  */s/ Iboh Umodu*
                              IBOH UMODU
                              Deputy Federal Public Defender
                              Attorney for LINO SANCHEZ-SANDOVAL